LEMMON, Justice,
dissenting.
Defense counsel informed the trial judge of the conflict of interest as soon as the conflict arose.[1] Under such circumstances, it was incumbent upon the trial judge to explain immediately to defendant on the record his right to conflict-free counsel. Unless the defendant knowingly and intelligently waived this right, it was then incumbent upon the trial judge to take steps to protect defendant’s rights, either by removing the conflict (by, for example, having the witness waive his attorney-client privilege and open himself for full cross-examination or granting a recess until the next day and appointing new counsel to cross-examine the witness whose representation gave rise to the conflict), or by excluding the evidence which the state developed at the last moment, or by some other means.
Unfortunately, the trial judge in the present case did not invoke any of these safeguards, but rather required defense counsel to proceed with his representation of the defendant and to cross-examine his own client who was presented at the last minute as the state’s most important witness. Because defense counsel could not effectively cross-examine this witness and emphasize to the jury the facts which gave rise to an inference of bias, there was an actual conflict of interest. The judge’s failure to invoke any safeguards therefore requires reversal of the conviction and sentence.[2] Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). For cases with similar facts, see United States v. Winkle, 722 F.2d 605 (10th Cir.1983) and Pinkerton v. State, 395 So.2d 1080 (Ala.App.1980), cert. denied 395 So.2d 1090, and the numerous federal cases cited therein.

. The majority apparently considers significant the fact that defense counsel failed to object at the time. Of course, the purpose of an objection is to inform the court of a problem at a time when the problem can be corrected. That was clearly done here.

. Perhaps there was insufficient prejudice in this case to fulfill the post conviction standards of Cuyler v. Sullivan, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). However, that is not the appropriate standard in this case in which the conflict issue was brought to the court’s attention prior to the conviction.